IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRUCE B. SELKIRK, JR. REVOCABLE TRUST, ANDREW SELKIRK, Trustee and BRUCE SELKIRK, III, Trustee, | ) ) ) ) | CASE NO.: |
| Plaintiffs, | ) ) | |
| v. | ) ) | REMOVED FROM THE CIRCUIT COURT OF ST. LOUIS COUNTY |
| LEGACY GROUP STL, LLC, RICHARD JEFFERS and AMELIA JEFFERS, | ) ) ) | CASE NO. 14SL-CC03870 |
| | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

### DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION:

Pursuant to 28 U.S.C. § 1441, Defendants Legacy Group STL, LLC ("Legacy"), Richard Jeffers, and Amelia Jeffers (collectively "Defendants"), by and through their counsel of record, hereby remove this action to the United States District Court for the Eastern District of Missouri, Eastern Division. This is a civil action over which this Court has original jurisdiction pursuant to both 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity). In support hereof, Defendants state:

### Background

1. On or about November 10, 2014, Plaintiffs Bruce B. Selkirk, Jr. Revocable Trust, and Trustees Andrew Selkirk and Bruce Selkirk, III (collectively, "Plaintiffs") filed their Petition for Injunctive Relief ("Petition") under Missouri common law and § 417.061 R.S.Mo. in the Circuit Court of St. Louis County, State of Missouri, Case No. 14SL-CC03870, styled *Bruce B. Selkirk, Jr. Revocable Trust, et al. v. Legacy Group STL, LLC, et al.* ("State Court Action"). In

1

the Petition, Plaintiffs sought only injunctive relief under Missouri law for Defendants' alleged unauthorized use of Plaintiffs' alleged trade name and from engaging in deceptive, misleading and unfair methods of competition. Defendants filed an Answer to the Petition and Richard and Amelia Jeffers filed a Motion to Dismiss on December 19, 2014.

2. On or about February 27, 2015, Plaintiffs filed an Amended Petition for Injunctive Relief ("Amended Petition") under Missouri common law and § 417.061 R.S.Mo. seeking the same injunctive relief as requested in the Petition. Defendants filed an Answer to the Amended Petition and Richard and Amelia Jeffers filed a Motion to Dismiss on March 9, 2015.

3. On July 1, 2015, Plaintiffs electronically filed and served Defendants with a Second Amended Petition for Injunctive Relief ("Second Amended Petition"). The Second Amended Petition includes the following causes of action (i) injunctive relief under common law and § 417.061 R.S.Mo.; (ii) trademark infringement under Missouri common law; (iii) infringement of the right of publicity under Missouri common law; (iv) injunctive relief under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; and (v) trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

4. Plaintiffs' Federal Lanham Act claims were first asserted in the Second Amended Petition.

5. Plaintiffs first sought monetary damages from Defendants in the Second Amended Petition. Plaintiffs seek an award of damages in an amount in excess of $150,000, together with punitive damages and their costs and fees, for their claims of trademark infringement under Missouri common law, infringement of the right of publicity under Missouri common law, and trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

## Bases for Removal

### A.     Federal Question Jurisdiction

6.      Under 28 U.S.C. § 1441(a), a defendant may remove to this Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction …."

7.      Federal district courts have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, including civil actions "arising under any Act of Congress relating to … trademarks," 28 U.S.C. § 1338.

8.      Plaintiffs' Second Amended Petition includes two federal causes of action arising under the Lanham Act, 35 U.S.C. § 1051 *et seq.,* alleging trademark infringement by Defendants. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

### B.     Diversity Jurisdiction

9.      Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states.

10.     A limited liability company's citizenship, for the purposes of diversity jurisdiction, is the citizenship of each of its members. *See OnePoint Solutions v. Borchert,* 486 F.3d 342 (8th Cir. 2007).

11.     At the time Plaintiffs commenced this action and at all times since, Legacy is a foreign limited liability company organized under the laws of the State of Ohio.

12.     Defendants Richard Jeffers and Amelia Jeffers are the only members of Legacy.

3

13. At the time Plaintiffs commenced this action and at all times since, Richard Jeffers is an individual residing in New Albany, Ohio.

14. At the time Plaintiffs commenced this action and at all times since, Amelia Jeffers is an individual residing in New Albany, Ohio.

15. Because the only members of Legacy are citizens of the State of Ohio, Legacy is a citizen of Ohio for the purposes of diversity jurisdiction.

16. Upon information and belief, at the time Plaintiffs commenced this action and at all times since, Plaintiff Bruce B. Selkirk, Jr. Revocable Trust is a trust organized and existing under the laws of the State of Missouri.

17. Upon information and belief, at the time Plaintiffs commenced this action and at all times since, Defendant Trustee Andrew Selkirk is an individual residing in Missouri.

18. Upon information and belief, at the time Plaintiffs commenced this action and at all times since, Defendant Trustee Bruce Selkirk, III is an individual residing in Missouri.

19. There is complete diversity between the parties to this action because all Plaintiffs are citizens of the State of Missouri and all Defendants are citizens of the State of Ohio.

20. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

21. Plaintiffs Second Amended Petition includes five causes of action, three of which include requests for monetary damages totaling over $150,000. Plaintiffs seek "an amount in excess of $50,000, together with punitive damages and their costs and fee" for their claim of trademark infringement under Missouri common law, "an amount in excess of $50,000, together with punitive damages and their costs and fee" for their claim of infringement of the right of publicity under Missouri common law, and "an amount in excess of $50,000, together with

punitive damages and their costs and fee" for their claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

22. Because there is complete diversity of the parties and the amount in controversy exceeds $75,000, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## Supplemental Jurisdiction

23. Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

24. All of Plaintiffs' claims are related and arise from the same case or controversy in that they all arise from Defendants' alleged unauthorized use of Plaintiffs' alleged trade names "Selkirks" and "Ben J. Selkirk & Sons, Inc.", and alleged appropriation of the Selkirk name, legacy, reputation and images.

25. Removal of the entire State action is therefore proper under 28 U.S.C. §§ 1367(a) and 1441.

## Notice of Removal is Timely

26. Plaintiffs served their Second Amended Petition on Defendants on July 1, 2015 wherein they first alleged their federal causes of action and request for monetary damages. The Petition and Amended Petition only alleged causes of action under Missouri law and requested only injunctive relief.

27. Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

5

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

28. Under 28 U.S.C. 1441(c), a case removed on the basis of diversity jurisdiction must be made within one year after commencement of the action.

29. Defendants have timely filed this Notice of Removal under 28 U.S.C. § 1446(b) and (c). Defendants filed this Notice of Removal within one year after commencement of the action and within thirty days of receipt by Defendants of a copy of the Second Amended Petition from which it was first ascertained that the case had become removable to this Court.

### Removal to this District is Proper

30. Venue is proper in this Court because the Circuit Court of St. Louis County, Missouri is within the Eastern District of Missouri, Eastern Division.

### Defendants have Satisfied All Other Requirements for Removal

31. A complete copy of the file from the State Court Action is attached hereto as Exhibit A, in accordance with 28 U.S.C. § 1446(a) and Local Rule 2.03.

32. Upon filing of this Notice of Removal, Defendants will provide written notice of the filing to Plaintiffs in accordance with 28 U.S.C. § 1446(d).

33. A copy of this Notice of Removal is also being filed promptly with the Clerk of the Circuit Court of St. Louis County, Missouri in accordance with 28 U.S.C. § 1446(d).

WHEREFORE Defendants Legacy Group STL, LLC, Richard Jeffers, and Amelia Jeffers give notice that this action is removed from the Circuit Court of St. Louis County, State of Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, for the exercise of jurisdiction over this action as though it had originally been instituted in this Court.

Dated:  July 31, 2015  /s/ Rudolph A. Telscher, Jr.
Rudolph A. Telscher, Jr., #41072MO
rteschler@hdp.com
Daisy Manning, #62134MO
dmanning@hdp.com
HARNESS, DICKEY & PIERCE, P.LC.
7700 Bonhomme Ave., Suite 400
St. Louis, MO  63105
Telephone:  (314) 726-7500
Facsimile:  (314) 726-7501

*Attorneys for Defendants Legacy Group*
*STL, LLC, Richard Jeffers and Amelia Jeffers*

Case: 4:15-cv-01184-CEJ   Doc. #:  1   Filed: 07/31/15   Page: 7 of 8 PageID #: 7

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2015, I filed the foregoing document with the Clerk of Court using the CM/ECF system.  Additionally, I hereby certify that on July 31, 2015, I served the foregoing document on counsel of record as listed below by electronic mail and U.S. Mail, postage fully prepaid at the addresses below:

Jill R. Rembusch
8909 Ladue Road
St. Louis, MO 63124
jrembusch@summerscomptonwells.com
*Attorneys for Plaintiffs*

Sarah W. Rubenstein
555 Maryland University Drive
Suite 240
St. Louis, MO 63141
srubenstein@mickesgoldman.com
*Attorney for Defendants*

I hereby certify that a copy of the forgoing motion will be electronically filed with the Clerk of the Circuit Court using the State of Missouri's electronic filing system .

    /s/ Rudolph A. Telscher, Jr.